**DONOVAN COFFEE COMPANY, Inc., a corporation, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 66–570.**

United States District Court
N. D. Alabama, S. D.

Feb. 5, 1968.

Walter L. Mims, Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., and E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., and Jack D. Warren, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

LYNNE, Chief Judge.

In this action plaintiff claims of defendant a refund of income taxes for the year 1959 in the amount of $13,-639.98, and for the year 1960 in the amount of $12,375.03, with interest as allowed by law.

 The issues spelled out and agreed upon in the order on pretrial hearing,

as amended on September 26, 1967, are as follows:

"(1) Plaintiff contends that the Commissioner erroneously increased its gain from the sale of capital assets by $159.93 in 1959 and by $17,655.95 in 1960. Plaintiff entered into a contract with Minute Maid to sell stock held by it in Tenco, Inc., which agreement was dated in September, 1959 and consummated in 1960. Plaintiff insists that the Commissioner erred in determining the value of Minute Maid stock received by plaintiff as of September 18, 1959, rather than the date on which such stock was actually delivered to plaintiff.

"Defendant insists that the Commissioner properly determined the value to be attributed to the Minute Maid stock as of September 18, 1959."

By stipulation filed herein on September 26, 1967, this issue was submitted to the court, without the intervention of a jury, upon the facts appearing in such stipulation.

The court finds the facts to be as stipulated by the parties.

A purchase and sale agreement was executed by plaintiff (denominated "seller") and Minute Maid Corporation (denominated "buyer") on September 3, 1959. Such agreement provided for, as herein pertinent, the exchange of certificates for 1,260 shares of the common stock of Tenco, Inc. held by plaintiff for 29,282 shares of Minute Maid common stock which plaintiff received on February 9, 1960.

The sales price of the 1,260 shares of Tenco stock as reported in the plaintiff's 1959 federal income tax return, includes the value of the 29,282 shares of Minute Maid common stock. It was stipulated that the fair market value of such stock was $18.50 per share on February 9, 1960, whereas its fair market value was $19.875 per share on September 18, 1959, the date on which plaintiff delivered its 1,260 shares of Tenco stock to Minute Maid.

Paragraph 3 of such agreement in pertinent part provides as follows: "The closing of such sale and purchase shall take place at the office of the Company in Linden, New Jersey, at 10:30 o'clock A.M. on September 18, 1959 * * *."

Paragraph 2(b) with respect to the exchange of Minute Maid common stock contains the following provision:

"* * * If for any reason other than the failure of the Sellers to comply with the provisions of this subparagraph (b) such approval for listing or such registration is not effected at or before the close of business on March 31, 1960, or any stop order shall be in effect as to such registration statement or any proceedings therefor shall have been initiated or threatened by the Securities and Exchange Commission on that date, the Buyer will be obligated, subject to the provisions hereafter set forth in this subparagraph, to pay each Seller in cash on April 1, 1960, in lieu of delivering the shares of its Common Stock otherwise deliverable to the Sellers hereunder, an amount equal to the closing sale price per share of the Buyer's Common Stock on March 31, 1960 on the New York Stock Exchange * * * multiplied by the number of shares of the Buyer * *."

The court is of the opinion, and so holds, that the exchange of Minute Maid stock occurred on February 9, 1960, because the interposition of the condition that such stock be registered under the Securities Act of 1933 prevented the occurrence of the transaction until that condition was satisfied. 3B Mertens, Law of Federal Income Taxation § 22.103 (rev.1966).

Accordingly, after recomputation, an appropriate judgment will be entered in favor of the plaintiff on this issue.

"(2) Plaintiff contends that the Commissioner erroneously applied the provisions of 26 U.S.C.A. § 531 to income in the year 1959 in the amount of $49,459 and in 1960 in the amount of

**126**

$28,949.25. Plaintiff insists that it was not formed or availed of for the purpose of avoiding the income tax with respect to its shareholders by permitting its earnings and profits to accumulate beyond the reasonable needs of its business in either year.

"The defendant joins issue on this contention."

This issue was tried to a jury upon special interrogatories which, together with the response of the jury to each interrogatory, are set out hereinbelow.

"I. Did the plaintiff, Donovan Coffee Company, permit its earnings and profits to accumulate beyond the reasonable needs of the business?

"(a) During 1959    X
                    Yes   No

"(b) During 1960    X
                    Yes   No

"(Answer the above question for each year by placing an 'X' above the word 'Yes' or 'No' for each of the two years.)

"II. If your answer to Question I above is 'Yes' for any year or years, then with respect to such year or years only, answer the following question by filling in an amount of dollars in the space provided.

"What part of the earnings and profits for each year was accumulated beyond the reasonable needs of the business?

"(a) During 1959        $49,459.00
     (Up to, but not over $49,459.00)
"(b) During 1960        $28,949.25
     (Up to, but not over $28,949.25)

"III. If your answer to question I above for any year or years is 'Yes', then with respect to such year or years only, answer the following question either 'Yes' or 'No' by placing an 'X' above the appropriate word.

"Were such accumulations made for the purpose of avoiding the income tax upon the stockholders of the plaintiff company?

"(a) During 1959    X
                    Yes   No

"(b) During 1960    X
                    Yes   No  "

On this issue judgment is due to be entered for defendant.

A separate judgment will be entered in conformity with this memorandum opinion.